# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4493 | **DATE** | 11/9/2004 |
| **CASE TITLE** | DAVID HAHN, et al vs. PEPSICO, INC. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Plaintiff's motion to remand is granted and their request for attorney's fees is denied. Case is remanded to the Circuit Court of Cook County.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | | |
| LG | courtroom deputy's initials | | U.S. DISTRICT COURT  2004 NOV -9 PM 6: 03  Date/time received in central Clerk's Office | mailing deputy initials | | |

DAVID HAHN and CAROL BILLIE OSHANA, )
on behalf of themselves and all others similarly )
situated, )
                                                )
                     Plaintiffs, )
                                                )
                  v. )     No. 04 C 4493
                                                  )
PEPSICO, INC., a North Carolina corporation, )
                                                  )
                  Defendant. )

DOCKETED
NOV 1 0 2004

## MEMORANDUM OPINION AND ORDER

      Plaintiffs David Hahn and Carol Billie Oshana brought this action against defendant PepsiCo, Inc. (PepsiCo) in state court, alleging violation of the Illinois Consumer Fraud Act and unjust enrichment. After presenting plaintiffs with requests for admissions and a proposed stipulation, defendant removed the action to federal court. Plaintiffs now move to remand. The motion is granted.

## BACKGROUND

      In their class action complaint, plaintiffs allege, individually and on the behalf of those similarly situated, that PepsiCo has employed a marketing scheme to deceive consumers into believing that fountain Diet Pepsi is the same as canned or bottled Diet Pepsi (hereinafter "bottled Diet Pepsi"). In 1984, PepsiCo stopped sweetening bottled Diet Pepsi with saccharin and began using only aspartame. PepsiCo allegedly believed that the public would prefer Diet Pepsi sweetened only with aspartame, due to the negative perception of saccharin -- a perception fueled by the federal government's finding that it was a carcinogen and required special labeling. After eliminating saccharin from bottled Diet Pepsi, PepsiCo advertised its

use of aspartame. However, PepsiCo continued to sweeten fountain Diet Pepsi, in part, with saccharin. Plaintiffs allege that PepsiCo used and continues to use an aspartame and saccharin mixture in its fountain Diet Pepsi because it is cheaper than using only aspartame. Plaintiffs assert that PepsiCo profits from the sale of fountain Diet Pepsi to consumers, who are misled to believe that it is just like bottled saccharin-free Diet Pepsi.

Plaintiffs' complaint contains an *ad damnum* clause that states, "Plaintiffs seek no relief, cause of action, remedy or damages that would confer federal jurisdiction upon the claims asserted herein, and expressly disclaims individual damages in excess of $75,000." Under the heading "Parties," the complaint also asserts, "Plaintiffs hereby expressly disclaim any individual damages in excess of $75,000 and any claims for injunctive relief. The only damages sought by this complaint are the Plaintiffs' individual damages in the amounts that they spent on PepsiCo products that they would not have otherwise purchased, and disgorgement, on behalf of themselves and the Class, of the moneys that PepsiCo has made as the result of its misconduct as alleged herein."

Several weeks after plaintiffs filed their complaint, defendant served plaintiffs with five requests for admission, asking them to admit that they would not seek various damages in excess of $75,000 in the event a class is not certified. Plaintiffs objected to each admission on the basis of the attorney work-product doctrine and attorney-client privilege. Defendant also requested that plaintiffs stipulate that regardless of whether or not a class was certified they would not seek relief in excess of $75,000 per plaintiff, or class member. Plaintiffs declined to stipulate as requested. However, in a letter to defendant, they reaffirmed assertions in the complaint that plaintiffs did not seek any "relief, damages, disgorgement, other remedy, or attorney's fees incurred prior to the filing of the complaint, that collectively exceed $75,000 per

Plaintiff." They believed this statement "unequivocally confirm[ed] to Pepsi that the amount in controversy, based on the operative Complaint, does not exceed $75,000 for either Plaintiff in their individual capacities" and, therefore, defendant had no reasonable basis to remove the case.

After receiving plaintiffs' responses to the requests for admission and stipulation, defendant removed this action to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, stating that the action is between citizens of different states and the sum or value of the amount in controversy exceeds $75,000.

## DISCUSSION

Federal district courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1132. A defendant may remove an action from state court to federal court, based on this diversity jurisdiction, pursuant to the provisions of 28 U.S.C. § 1446. Under § 1446, a defendant may file a notice of removal within thirty days of receiving a copy of the complaint, or if the case is not removable based on the complaint, within thirty days of receiving a pleading, motion, order, or other document that establishes the case is removable. *Id.* A defendant may not remove an action due to diversity jurisdiction if more than a year has passed since the complaint was served. *Id.*

In the Northern District of Illinois, Local Rule 81.2 also governs removal in certain circumstances. It states, in part:

> Where one or more defendants seek to remove an action from an Illinois state court based upon diversity of citizenship, and where the complaint does not contain an express *ad damnum*, as to at least one claim asserted by at least one plaintiff, in an amount exceeding the jurisdictional amount in controversy, exclusive of interest and costs, specified in 28 U.S.C. § 1332 (the "jurisdictional

amount") that is based on express allegations in that claim in conformity with that *ad damnum*, the notice of removal shall include in addition to any other matters required by law:

> (1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and

> (2) with respect to at least one plaintiff in the Illinois action, either—

>> (A) a response by such plaintiff to an interrogatory or interrogatories (*see* Ill.S.Ct. Rule 213) as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount; or

>> (B) an admission by such plaintiff in response to a request for admissions (*see* Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (*see* Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

Defendant removed plaintiffs' case on the basis of diversity jurisdiction pursuant to Local Rule 81.2. Plaintiffs argue that removal was procedurally improper under the rule for several reasons, and that the amount in controversy does not satisfy the requirement for diversity jurisdiction. But first, relying on dicta in <u>Rubel v. Pfizer, Inc.</u>, 361 F.3d 1016, 1020 (7th Cir. 2004), plaintiffs contend that Rule 81.2 is invalid. In <u>Rubel</u>, the Seventh Circuit noted that certain interpretations of Rule 81.2 may call its validity into question. *Id.* For instance, if a court interpreted the rule to block defendants from considering the costs of equitable relief in their effort for removal, then the rule could not be enforced. *Id.* A finding that removal under the rule required plaintiff to acknowledge that damages exceed $75,000 would also be suspect. *Id.* Though the court predicted that the validity of Local Rule 81.2, as applied in certain circumstances, would come before the court one day, it did not hold that the rule is

invalid in all (or any) circumstances. We decline to find that the rule is wholly invalid. Nonetheless, we remain cognizant of the Seventh Circuit's concerns regarding certain applications of the local rule.

Plaintiffs argue that defendant's removal was procedurally improper for two reasons: 1) Local Rule 81.2 does not apply where the complaint includes an *ad damnum* clause, as in this case, and 2) defendant did not include the required documentation with its notice of removal. Quoting the language of Local Rule 81.2, plaintiffs assert that it only applies "where the complaint does not contain an express *ad damnum*." A more complete reading of the rule reveals that plaintiffs' argument is baseless. The rule provides an avenue for removal based on diversity jurisdiction "where the complaint does not contain an express *ad damnum*, as to at least one claim asserted by at least one plaintiff, in an amount exceeding the jurisdictional amount in controversy ...." Thus, where a complaint does not contain an *ad damnum* "in an amount exceeding the jurisdictional amount in controversy," Rule 81.2 lists the steps defendants must take to remove the complaint on the basis of diversity jurisdiction. Plaintiffs' complaint does not contain an *ad damnum* stating an amount that exceeds the jurisdictional amount (in fact it expressly states that it does not exceed the jurisdictional amount). Thus, according to the plain language of the rule, it does apply in this case.

Plaintiffs also argue that defendant failed to satisfy the requirements of the local rule. Under Local Rule 81.2, a defendant must include in his notice of removal (1) a statement of good faith belief that the amount in controversy exceeds $75,000, and (2) plaintiff's response to an interrogatory acknowledging that the damages sought are over $75,000, or declining to agree that the damages will not exceed $75,000, or plaintiff's admission or "a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to

such a request" that damages sought exceed $75,000. Thus, a request for admission satisfies the local rule when the plaintiff either admits that the damages exceed the jurisdictional limit or fails to respond in a timely manner to the request, such that his lack of response can be deemed an admission. Despite the language of Local Rule 81.2, in <u>Hahn v. The Coca-Cola Co.</u>, No. 04 C 3596 (N.D. Ill. 2004), the court found that objections to a request for admission could serve as the plaintiff's "deemed admission." Just as other courts do not appear to distinguish between responses to interrogatories and requests for admission for purposes of satisfying Local Rule 81.2, *see e.g.*, <u>Lilly v. Ford Motor Co.</u>, 2001 WL 1001158 at *1 (N.D. Ill. 2001), we are not inclined to split these hairs. However, the decision on whether remand is proper in this case does not hinge on procedural impropriety because we find that defendant does not establish a reasonable probability of diversity jurisdiction.

To remove a case to federal court, the defendant must prove to a reasonable probability that federal jurisdiction exists. <u>Haran v. Medtronic, Inc.</u>, 1998 WL 575278 at *1 (N.D. Ill. 1998). Because the parties agree that they are diverse, their dispute is over the amount in controversy. In the case of diversity jurisdiction, the defendant "has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Id.* at 2 (citing <u>Shaw v. Dow Brands, Inc.</u>, 994 F.2d 364, 366 (7th Cir. 1993)). In determining whether there is diversity jurisdiction, the court must weigh only the evidence available at the time the petition for removal was filed. <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, (7th Cir. 1997). Thus, the court should not root its decision in predictions about what the plaintiff may do in the future. Courts resolve all doubts regarding federal jurisdiction in favor of remand. <u>Doe v. Allied-Signal, Inc.</u>, 985 F.2d 908,

911 (7th Cir. 1993); <u>CC Industries v. ING/ReliaStar Life Insurance Co.</u>, 2003 WL 21360905 at *2 (N.D. Ill. 2003).

We recognize that the facts of <u>Hahn v. Coca-Cola</u>, No. 04 C 3596 (N.D. Ill. 2004), in which Judge Conlon denied the plaintiff's motion to remand, mirror the facts in this case. Yet, we do not find that PepsiCo has met its burden for removal. To determine whether there is diversity jurisdiction the court begins with the complaint. <u>Chase</u>, 110 F.3d at 427 ("The starting point in determining the amount in controversy is typically the face of the complaint ...."); <u>Haran</u>, 1998 WL 575278 at *2. Plaintiffs' complaint contains clear statements that they "seek no relief, cause of action, remedy or damages that would confer federal jurisdiction" and "expressly disclaim any individual damages in excess of $75,000." Defendant maintains that plaintiffs' objections to its requests for admission establish that the damages sought exceed $75,000. Yet, these objections neither negate nor contradict the assertions in their complaint.

A plaintiff cannot block federal jurisdiction by refusing to acknowledge that the damages sought exceed the jurisdictional limit, when it is clear from the face of the complaint that the stated damages, if proven, would exceed the limit. *See* <u>Lilly v. Ford Motor Co.</u>, 2001 WL 1001158 at *1 (N.D. Ill. 2001). However, the plaintiff is the master of the complaint and, thus, "[i]t follows that the plaintiff may evade federal court by simply asking for less than the jurisdictional amount, so long as the plaintiff, should she prevail, isn't legally certain to recover more." <u>Shaw v. Dow Brands, Inc.</u>, 994 F.2d 364, (7th Cir. 1993). Defendant argues that plaintiffs will recover more than the jurisdictional limits if the class is not certified and (1) the named plaintiffs still seek disgorgement individually, (2) they seek punitive damages, and/or (3) they are awarded attorney's fees and costs. Under their current complaint, plaintiffs' request for disgorgement is subject to their express disclaimers for damages in excess of

$75,000. Though disgorged profits may exceed $75,000 in the aggregate, defendant cannot base diversity jurisdiction on aggregate damages in a class action. *See* Del Vecchio v. Conseco, Inc., 230 F.3d 974, 978 (7th Cir. 2000). To allow removal at this stage would be to preempt an attempt by plaintiffs to seek disgorged profits individually in the event the class action is not certified. Given plaintiff's current *ad damnum*, such a move would require a new amended complaint. We are not prepared to allow removal based on this hypothetical complaint. Defendant's argument regarding punitive damages can be similarly rejected because plaintiffs do not seek punitive damages and, if they did, the damages would be subject to the same *ad damnum*. As for attorney's fees, only the fees incurred up to the filing of the complaint may be considered, *see* Smith v. American General Life and Accident Insurance Co., Inc., 337 F.3d 888, 896 (7th Cir. 2003)("post-filing attorney's fees cannot count toward the amount in controversy requirement ...."), and there is no indication that those limited fees, when combined with the other damages sought, would exceed the $75,000 jurisdictional limit.

The court is not unsympathetic to defendant's concerns regarding gamesmanship by unscrupulous plaintiffs seeking to avoid removal. However, protections exist against this problem that do not require the court to overreach by allowing removal when the plaintiffs' complaint disclaims any individual damages in excess of $75,000. There is no bar on multiple attempts to remove civil actions. Benson v. SI Handling Systems, Inc., 188 F.3d 780, 783 (7th Cir. 1999). Thus, if plaintiffs do amend their complaint or alter their litigation strategy to seek damages over $75,000, defendant may file another notice of removal. Of course, as defendant noted, under 28 U.S.C. § 1446(b), removal based on diversity jurisdiction is limited to the first year after defendant is served with the complaint. If plaintiffs amend their *ad damnum* clause more than a year after serving defendant with their complaint, defendant would be unable to

remove the action to federal court. Yet, inherent in defendant's concern is a mistrust of the state court – a belief that it will allow plaintiffs to game the system. We do not share that mistrust. Plaintiffs do not have an absolute right to amend their pleadings. <u>Hayes Mechanical, Inc. v. First Industrial, L.P.</u>, 351 Ill. App. 3d 1, 7, 812 N.E.2d 419, 424 (1 Dist. 2004). The decision to grant leave to amend rests with the Illinois courts. In making their determination, the state courts consider "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Id.* The court's primary consideration is whether allowing the amendment "would further the ends of justice." *Id.* Using these factors of analysis, we are confident that the state courts are prepared to prevent unacceptable gaming by plaintiffs seeking to avoid federal jurisdiction. At this stage, however, we have no evidence that such antics are transpiring in this case. Though we grant plaintiffs' motion to remand, we deny their request for attorney's fees. The decision to award attorney's fees rests in the court's discretion. As defendant provided a reasonable argument for removal, bolstered by an analogous case in this district, we decline to award fees.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is granted and their request for attorney's fees is denied.

JAMES B. MORAN
Senior Judge, U.S. District Court

Nov. 9 , 2004.

# United States District Court
## Northern District of Illinois
### Eastern Division

DAVID HAHN, et al

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 04 C 4493

PEPSICO, INC.

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's motion to remand is granted and their request for attorney's fees is denied. Case is remanded to the Circuit Court of Cook County.

Michael W. Dobbins, Clerk of Court

Date: 11/9/2004

*Linda Garth*

Linda Garth, Deputy Clerk